**J. D. HEDLEY et al., Appellants,**

v.

**Nicholas R. duPONT et al., Appellees.**

**No. 1598.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1977.

Rehearing Denied Nov. 30, 1977.

Sidney L. Farr, Farr & Fillion, Houston, for appellants.

Joyce Cox, Joseph A. Kornfeld, Cox, Pakenham & Roady, Houston, for appellees.

COULSON, Justice.

Plaintiffs brought suit seeking specific performance of agreements to convey interests in oil and gas properties. The trial court ruled that the suit was for recovery of real estate commissions, and following the plaintiffs' refusal to amend their petition to state they were licensed real estate brokers, dismissed the suit with prejudice. We reverse and remand, and order the plaintiffs' suit reinstated.

Under written and oral agreements J. D. Hedley, Harry Leyendecker, and John Carter, Jr. (the plaintiffs) were to locate oil and gas drilling prospects or leases and present them to Nicholas R. duPont, Eugene duPont III, Ridgeley, Inc., Terra Resources, Inc., and C.R.A. International, Ltd. (the defendants). If the defendants, individually or as a group, chose to participate in a particular prospect they would acquire the prospect and drill on it. Once a well on such a prospect produced enough to equal the defendants' costs in acquiring the property and drilling the well, the defendants became obligated to assign one-fourth of their interest in that well to the plaintiffs.

The plaintiffs believe the defendants have failed to assign them their rightful interests in certain wells. Because of this they filed a suit seeking an accounting, recovery of the proceeds from their interests, and specific performance of the defendants' promise to convey. The defendants filed special exceptions to the plaintiffs' petition, chief among them that the

plaintiffs could not bring or maintain their action since under the Texas Securities Act, Tex.Rev.Civ.Stat.Ann. art. 581–1, *et seq.* (1964), it was a suit to collect securities brokerage commissions and under the Texas Real Estate License Act, Tex.Rev.Civ.Stat. Ann. art. 6573a (Supp.1976–77), it was a suit for real estate commissions, and that in each case the plaintiffs were required to have an appropriate license. The trial court overruled the exception arguing the applicability of the Securities Act, but sustained the one relating to the Real Estate License Act. Following the plaintiffs' refusal to amend their petition to state that they were licensed real estate brokers, the trial court dismissed their suit with prejudice, holding that as a matter of law they could not recover under the allegations in their petition.

The plaintiffs appeal from the dismissal and the defendants appeal from the trial court's action in overruling their special exceptions.

■ We note initially that both of the acts specifically exempt the type of transaction in issue here. Tex.Rev.Civ.Stat.Ann. art. 581–5 Q (1964) (exempts sales of interests in oil, gas, or mining leases, or contracts relating thereto, where the sales by any one owner in a single lease do not exceed thirty-five within a period of twelve consecutive months, and no advertisement or public solicitation is used); Tex.Rev.Civ. Stat.Ann. art. 6573a, § 3(h) (Supp.1976–77) (exempts transactions involving sale, lease, or transfer of any mineral or mining interest). Moreover, the oil and gas exemption under the Securities Act was in force at all times critical to this suit. As such, we hold that the trial court properly overruled the defendants' special exception on this point.

In contrast, the exemption under the Real Estate License Act was not passed until 1975, a time considerably after the limitations period for the plaintiffs' suit had expired. Despite this fact, we find that the amendment has controlling effect on this case.

The Real Estate License Act was drafted in broad language so as to encompass a great number of activities and evils which the Legislature sought to regulate and prevent. Although the broad language properly serves to preclude circumvention, it also serves to draw in a number of activities which the Legislature never sought to regulate.

■ Because of this, exemptions were created. The problem in drafting exemptions when a statute is initially created is envisioning each type of activity which should be exempted, so resort must again be to broad language. However, after an act has been in force for a number of years, and after litigation and experience reveal the precise areas affected by it, the exemptions can be drawn more precisely. When the Legislature amends an act in such a situation, it is not changing the law, it is merely clarifying it; it is replacing broad, general statements with particularized, precise ones, and the law as amended may properly be said to have always been the law. *See Stanford v. Butler,* 142 Tex. 692, 181 S.W.2d 269, 274 (1944); *Calvert v. Marathon Oil Company,* 389 S.W.2d 153, 158 (Tex.Civ.—Austin 1965, writ ref'd n. r. e.).

■ We believe that this is the case with the 1975 amendments to the exemption section of the Real Estate License Act. Before 1975 the exemption section was broadly worded; now it is specific. Four general exemptions have been replaced by ten particular ones. Because this legislative action served solely to clarify the law, not to change it, we hold that the transaction in issue is not currently subject to the act and never was properly subject to it.

As the other cases dealing with this question did not have the benefit of the 1975 amendments we do not deem them controlling.

Since the Real Estate License Act has no application to the plaintiffs' suit, the trial court erred in dismissing the suit and it should be reinstated.

The plaintiffs' points of error one and two are sustained. Because of our holding on these points we do not reach plaintiffs' other points of error.

■ Some of the prospects or leases involved in this case are located in Louisiana

and Mississippi, and in cross-point one the defendants argue that the court lacks jurisdiction to hear claims to mineral interests located outside of Texas. While a court cannot directly divest or invest title in another state, a court with jurisdiction over the parties before it can compel them to execute a conveyance of lands beyond the court's jurisdiction and such a conveyance will be upheld. *Groom v. Mortimer Land Co.,* 192 F. 849 (5th Cir.), *error denied,* 225 U.S. 700, 32 S.Ct. 835, 56 L.Ed. 1264 (1912); *Texas & P. Ry. Co. v. Gay,* 86 Tex. 571, 26 S.W. 599, 604–05 (1894), *affirmed,* 167 U.S. 745, 17 S.Ct. 1000, 42 L.Ed. 1209 (1897). Cross-point one is overruled.

The defendants' other cross-point, that the plaintiffs must plead their case as trespass to try title, is without merit and is overruled. Such an action is only appropriate where a plaintiff has a present right of possession to the property. *State v. Dayton Lumber Co.,* 106 Tex. 41, 155 S.W. 1178 (1913); *Shell Petroleum Corporation v. State,* 86 S.W.2d 245 (Tex.Civ.App.—Austin 1935, no writ). The plaintiffs here have no right of possession, but are instead seeking to create such a right.

Reversed and remanded with instructions to reinstate the plaintiffs' suit.