Nicholas R. duPONT et al., Petitioners,

v.

J. D. HEDLEY et al., Respondents.

No. B–7278.

Supreme Court of Texas.

July 12, 1978.

Rehearing Denied Oct. 4, 1978.

Cox, Pakenham & Roady, Joyce Cox, Houston, for petitioners.

Farr & Fillion, Sidney L. Farr, Houston, for respondents.

PER CURIAM.

The issue presented by this appeal is whether or not the plaintiffs, Mr. Hedley and Mr. Carter, must be licensed pursuant to the Real Estate License Act,[1] in order to maintain the instant cause of action. The Court of Civil Appeals held that the serv-ices performed by Hedley and Carter were exempt from the provisions of the Act. 558 S.W.2d 72. We reverse the judgment of the Court of Civil Appeals and remand the case to that Court for further proceedings.

Beginning in 1959, Hedley and Carter entered a series of agreements with Nicholas R. duPont, Eugene duPont III, Ridgely, Inc., Terra Resources, Inc. and CRA International, Ltd., whereby Hedley and Carter were to locate prospective oil and gas properties and negotiate for the acquisition of the mineral interests. If producing wells were completed on the properties, duPont, et al., were to assign a ¼ interest therein to the plaintiffs after production from such wells had offset the cost of acquisition of the interest and the cost of drilling the wells.

Hedley and Carter alleged that they performed their part of the agreements, but that duPont, et al., failed to make the requisite assignments. In 1966, the plaintiffs brought suit seeking specific performance of the agreements to assign, and an accounting.

The trial court sustained the defendants' special exceptions to the plaintiffs' petition, which was, accordingly, stricken. The exceptions were grounded upon the plaintiffs' failure to allege that they were licensed pursuant to the Real Estate License Act and the Texas Securities Act.[2] Hedley and Carter declined to amend their petition to plead licensure, as they could not honestly do so. The trial court severed the plaintiffs' cause of action from a cross-action filed by the defendants and then dismissed the plaintiffs' suit.

The Court of Civil Appeals reversed the judgment of the trial court and remanded the case to the trial court with instructions that it be reinstated. The Court held that the activities involved in this case were specifically exempted from the Texas Securities Act. Also, the Real Estate License Act was held to exempt transactions involv-

---

1. Art. 6573a. All statutory references herein are to Vernon's Annotated Texas Civil Statutes.

2. Art. 581–1, et seq.

**386**

ing the sale, lease or transfer of mineral or mining interests in real property. The latter holding is contrary to Art. 6573a as it existed at all times relevant to this suit.[3]

The Court of Civil Appeals erred in holding that the 1975 amendment was merely a clarification or specific statement of the law as it existed under the general exemption provisions of the Act prior to 1975. The law was well settled prior to the 1975 amendment that transactions in mineral interests were covered by the Act, and that in the absence of another applicable exemption, a Real Estate License was required in order for a person to recover compensation for the performance of the services listed in § 4(1) of the Act in connection with the sale or lease of mineral interests. *Breeding v. Anderson*, 152 Tex. 92, 254 S.W.2d 377 (1953).

The opinion of the Court of Civil Appeals in this case is in conflict with *Breeding*, a prior opinion of this Court. Accordingly, we grant the application for writ of error of duPont, et al., and without hearing oral argument, reverse the judgment of the Court of Civil Appeals and remand this cause to that Court for its consideration of other contentions urged by the parties. Rule 483, Tex.R.Civ.P.; *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas*, 491 S.W.2d 869 (Tex.1973).

---

**3.** Prior to 1975, the Real Estate License Act contained four general exemptions from the licensing requirement, none of which classified transactions in oil, gas or other mineral or mining interests as an exempted category of real estate transactions. Art. 6573a § 6 (1967).

An amendment to Article 6573a, enacted in 1975, included § 3(h) which specifically exempts "transactions involving the sale, lease or transfer of any mineral or mining interest in real property."