**Evelyn BROCK, Appellant,**

v.

**Roy C. BROCK, Appellee.**

**No. 6869.**

Court of Civil Appeals of Texas, El Paso.

Aug. 29, 1979.

Rehearing Denied Sept. 26, 1979.

---

Pat Priest, San Antonio, for appellant.

Casseb, Leon, Rodgers, Strong & Pearl, Richard G. Strong, San Antonio, for appellee.

## OPINION

OSBORN, Justice.

This is a divorce case. The Appellant complains about the Court's division of property and an order prohibiting removal of the parties' minor daughter from the jurisdiction of the Court without a further hearing and order. We affirm.

The case was tried to the Court without a jury. After hearing evidence of substantial discord between the parties, the Court dissolved the marriage and granted Appellee a divorce on his counterclaim. The father was named managing conservator of the parties' two boys, ages seventeen and thirteen, and the mother was named managing conservator of the parties' four year old daughter, with support payments being required of the father.

The Court ordered the sale of the homestead in San Antonio, a house and lot and two unimproved lots at Cloudcroft, New Mexico, and three other unimproved lots in Texas. The sale was to be accomplished by a realtor who was appointed trustee to complete the sale. The proceeds were to be used to pay the expenses of such sales, the existing liens on the properties, community debts totaling $11,977.49 and the remaining proceeds divided 60% to the wife and 40% to the husband. The parties also had a substantial collection of art objects which were awarded 70% to the wife and 30% to the husband. Certain personal property was awarded to each party, and the husband was ordered to pay specified attorney fees incurred by the wife.

The Appellant's first six points of error are as follows:

FIRST POINT

THE TRIAL COURT ERRED IN ORDERING THE PARTIES' HOMESTEAD TO BE SOLD ALONG WITH THE BALANCE OF THEIR REAL PROPERTY FOR THE PURPOSE OF PAYING UNSECURED CREDITORS OF THE COMMUNITY ESTATE (Tr., 109; S.F., 15, elsewhere)

SECOND POINT

THE TRIAL COURT ERRED IN ORDERING REAL PROPERTY SITUATED IN NEW MEXICO SOLD, AND THEREBY PURPORTING TO HAVE A TEXAS DECREE OPERATE UPON FOREIGN REAL PROPERTY (Tr., 109)

THIRD POINT

THE TRIAL COURT ERRED IN DETERMINING THAT CERTAIN REAL PROPERTY LOCATED IN NEW MEXICO WAS COMMUNITY PROPERTY, AS SUCH DETERMINATION SHOULD BE MADE UNDER THE LAW OF NEW MEXICO

FOURTH POINT

THE TRIAL COURT ERRED IN DECLARING THE NEW MEXICO REAL PROPERTY TO BE COMMUNITY PROPERTY, AS THERE WAS NO EVIDENCE THAT THE COMMUNITY ESTATE HAD AN INTEREST THEREIN (Tr., 109; S.F., 188, elsewhere)

FIFTH POINT

THE TRIAL COURT ABUSED ITS DISCRETION IN DECLARING THE NEW MEXICO REAL PROPERTY TO BE COMMUNITY PROPERTY AS SUCH WAS AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE (Tr., 109; S.F., 188, elsewhere)

SIXTH POINT

THE TRIAL COURT ERRED IN GRANTING TO APPELLEE AN INTEREST IN REAL PROPERTY WHICH WAS SHOWN BY THE EVIDENCE TO BE THE SEPARATE PROPERTY OF APPELLANT (Tr., 109; S.F., 188, elsewhere)

None of the issues as presented by these points were assigned as error in the Appellant's motion for new trial. Prior to January 1, 1978, it was not necessary to file a motion for new trial to preserve error for appeal in a non-jury-tried case. But since the amendment to Rule 324, *Tex.R.Civ.P.*, it is "necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon." If the complaint has not been made and ruled on during the trial of the case, the matter must be assigned as error in a motion for

new trial or it is not preserved for review and such error is waived. *Hausmann v. Texas Savings & Loan Association*, 585 S.W.2d 796 (Tex.Civ.App.—El Paso, June 27, 1979).

In this case, there was no way to complain about the sale of the homestead and the use of the proceeds to pay debts until after judgment because, until the judgment of the Court was entered, the parties did not know a sale was to be required or what use was to be made of the proceeds of the sale. As to the New Mexico property, the only evidence presented was as to ownership, source of title and contentions as to whether it was community or separate property. No one could complain about a likely order of sale because no one knew until the entry of judgment that the Court would order the property sold. With regard to the "no evidence" point of error, that issue is usually raised in a jury trial by (1) a motion for instructed verdict; (2) objection to the submission to the jury of a vital fact issue; (3) motion for judgment notwithstanding the jury's verdict; or (4) motion to disregard the jury's answer to a vital fact issue. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 *Texas L.Rev.* 361 at 362 (1960). But, in a judge-tried case, the issue would normally be raised, if at all, by a motion for judgment at the conclusion of the evidence. No such motion was filed in this case.

■ Rule 324, as amended, specifically provides in a jury-tried case that a complaint of "insufficient evidence" or "against the overwhelming preponderance of the evidence" may be made for the first time on appeal. The Rule does not so provide in non-jury cases. Thus, that issue, which can only be raised after judgment, must in a judge-tried case be assigned as error in a motion for new trial.

■ Since none of these issues were assigned as error in a motion for new trial, we conclude they have all been waived. Nevertheless, and because we are final in divorce cases, we have considered each of the points and find no error. With regard to the first point, we initially note that

there is no question but that in a divorce proceeding where a homestead cannot be partitioned it is subject to sale and a division of the proceeds. Speer, *Texas Family Law*, Sec. 5:64 (5th ed. 1975). It is equally clear that the proceeds of the homestead may not be used for the purpose of paying unsecured creditors. *Delaney v. Delaney*, 562 S.W.2d 494 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ dism'd); *Klein v. Klein*, 370 S.W.2d 769 (Tex.Civ.App.—Eastland 1963, no writ). When we consider the Court's entire order ordering the sale not only of the homestead but all other real estate including three unimproved lots in Texas, two unimproved lots in New Mexico and one improved lot in New Mexico, the evidence reflects that those properties had more than sufficient value to pay all of the unsecured debts which the Court ordered paid out of the sale of the real estate proceeds. Thus, it was not necessary that any of the funds obtained from the sale of the homestead be used to pay unsecured creditors. Thus, point of error number one presents no error.

■ With regard to the second point, the law is clear that while a court cannot directly divest title to property in another state it may require parties over whom it has in personam jurisdiction to execute a conveyance to real estate located in another state. *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722 (1961); *Hedley v. duPont*, 558 S.W.2d 72 (Tex.Civ.App.—Houston [14th Dist.] 1977) rev'd on other grounds 570 S.W.2d 384 (Tex.1978) point reconsidered 580 S.W.2d 662 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ pending); *Estabrook v. Wise*, 506 S.W.2d 248 (Tex.Civ.App.—Tyler 1974) writ dism'd 519 S.W.2d 632 (Tex.1974). We conclude that the Court ordering the parties over whom it had in personam jurisdiction to execute a deed of New Mexico property to a Texas trustee was within the Court's jurisdiction and the second point presents no reversible error.

■ The third point asserts that the determination as to the status of the New Mexico property should be determined un-

der the law of New Mexico. There was no pleading and no proof of New Mexico law. It is well established that unless there is proof of another state's law, or the court does take judicial notice of what the other state's law is, the court will presume that it is the same as Texas law. *Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458 (Tex.1969). The third point presents no error.

Points of error four through six complain of the trial Court's determination that the New Mexico property was community property of the parties rather than the wife's separate property. The dispute is with regard to the lot at Cloudcroft which had been improved and apparently had a value of approximately $45,000.00. The deed to this property is dated June 3, 1973, and is to "Roy C. Brock and Evelyn A. Brock;" thus, title was acquired in the names of both parties during the time of their marriage. This prima facie establishes that the property is community property. Mrs. Brock attempted to establish that the property had originally been purchased by funds which were her separate property. But, the testimony was not so direct, positive and uncontradicted as to establish the issue as a matter of law. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978). For instance, Mrs. Brock testified that $5,000.00 of the down payment came as a gift to her from her father but the evidence established the deed in 1973 and the check from her father in 1977. The credibility of the witnesses was to be determined by the trier of the facts and in view of the presumption as to community property and the fact that all of the evidence came from interested parties, we find no error in the Court's determination that the property was community property under both the "no evidence" and "great weight" tests. Points of error four through six present no error.

After having awarded the wife custody of the parties' minor daughter, the Court entered an injunction prohibiting Mrs. Brock from taking the child out of the state of Texas without the written permission of the Court and with notice to the father of the child. Points of error seven and eight complain of this order of the Court, and these points were properly assigned in the motion for new trial. The evidence established some reluctance upon the part of the Appellant to follow other orders issued by the Court. She refused to sign the deed to the homestead without a lengthy contempt hearing. She had refused to let her husband have visitation with the minor daughter on occasions. A district court has power to provide that the residence of a child shall not be removed from a county without court order. *Ex parte Rhodes*, 163 Tex. 31, 352 S.W.2d 249 (1961). Without reciting all of the evidence in the case which developed a substantial conflict in the personalities of these two parties and recognizing the desire of the Court to see that his order as to visitation rights was enforced, we conclude that there was no abuse of discretion in the issuance of the injunction. We have no doubt that upon valid request and with reasonable limitations the Court will permit the mother to remove the child from the state when a necessity exists. Points of error seven and eight are overruled.

The judgment of the trial Court is affirmed.