Johnny J. ELLEDGE, Appellant,

v.

TEXAS GENERAL
INDEMNITY, Appellee.

No. 08–87–00340–CV.

Court of Appeals of Texas,
El Paso.

Dec. 14, 1988.

Rehearing Denied Jan. 11, 1989.

Jim T. Osborn, Odessa, for appellant.

Jerry D. Caddel, McMahon, Cox, Tidwell, McCoy, Hansen & Atkins, P.C., Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

In a worker's compensation case, the jury awarded the injured worker total incapacity benefits for a period of ten months. The worker appeals. We reverse and remand for a new trial.

Appellant, a floor hand employed by an oil drilling company, was injured on June 16, 1985, when a rope broke, slamming him against a piece of heavy equipment. Three days later, he went to a general practitioner, Dr. H.E. Hestand, on the recommendation of his employer. Appellant was treated by Dr. Hestand for eight weeks and released to return to work in August, despite his protests that his left hip and leg were still bothering him. Dr. Hestand did not testify at trial; his final medical report, admitted as an exhibit, indicated that no further disability was expected.

Appellant did not return to work. He went to see another doctor, orthopedic surgeon Dr. Stephen Driscoll, several weeks after Dr. Hestand released him. Dr. Driscoll prescribed epidural steroid injections and physical therapy. Because the treatment was not working, Dr. Driscoll decided to perform surgery on Appellant's back on February 13, 1986, about eight months after the injury occurred.

Dr. Driscoll testified by deposition that Appellant was unable to do work involving heavy physical exertion, would be unable to do heavy manual work in the future and had, in the doctor's opinion, permanent total incapacity. Appellant testified that prior to the accident he was in good physical condition and engaged in activities such as hang gliding, rappelling off cliffs and skiing. Appellant asserted that since the accident, his physical activities were more limited, that he could not "bend and stoop, pick up anything."

In May of 1986, Appellant fell off a bicycle, injuring his left shoulder. Two months later, he was injured in a fall from a three-wheeler. Appellant testified that neither incident contributed to his physical problems resulting from the June 16, 1985 accident.

In January of 1987, Appellant's medical file was submitted to orthopedic surgeon, Dr. Vert Mooney, for his opinion on the appropriateness of Appellant's medical treatment. Dr. Mooney testified by deposition that Dr. Driscoll's diagnosis was correct and that "progress into surgical care was a reasonable form of treatment approximately eight months following injury with the failure to improve." Dr. Mooney also testified, however, that the treatment program which Appellant received from Dr. Driscoll deviated from the standards of the medical community due to excessive use of physical therapy and excessive medication. Dr. Mooney opined that Appellant

should be able to return to work: "Initially it may not be at the level of physical demand before the injury, but certainly he should be able to return to some functional activity which then could be progressed into a more demanding physical activity."

In regard to Dr. Hestand's initial release of Appellant, Dr. Mooney indicated on cross-examination, that "it's very reasonable" that a general practitioner might miss a serious problem later discovered by a specialist. Dr. Mooney also testified on cross as follows:

Q: How long, Doctor, do people take— not the best case or the worse case but an average—do they take after such a surgery to be where, in your opinion, they can do heavy manual labor?

A: It really depends upon the postoperative care they receive, that if the postoperative care is expectant that the individual would have to return to strenuous physical activity, and I really mean very heavy work, but is done in an ideal setting, six months is reasonable.

Q: Does it ever take longer?

A: Sure.

Q: Up to how long?

A: Indefinitely. It depends when an appropriate treatment program is provided.

Q: Assuming that the patient, for whatever reason, didn't have what in your opinion is an appropriate treatment program, could it take even more than eight years?

A: Yes, it could.

Dr. Mooney admitted that he had never seen Appellant and did not know what kind of work he did; he testified, however, that he believed working on a drilling rig to be "very tough work. It requires climbing, lifting, twisting, pulling, pushing."

The insurance company paid Appellant for total incapacity at $203.00 per week until his release from Dr. Hestand. At trial, the jury found that Appellant was totally incapacitated from June 16, 1985, until April 16, 1986.

Appellant asserts, in his first two points of error, that the jury's finding of no incapacity beyond April 16, 1986, is against the overwhelming weight of evidence and is manifestly unjust and that the trial court thus erred in denying his motion for new trial and in entering judgment on the jury verdict.

In reviewing a factual sufficiency challenge, the court must first examine all of the evidence, *Lofton v. Texas Brine Corporation,* 720 S.W.2d 804, 805 (Tex.1986), and having considered and weighed all the evidence, the court may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W. 2d 175, 176 (Tex.1986).

The jury's finding that Appellant suffered no incapacity beyond April 16, 1986, merely two months after his surgery, is against the great weight and preponderance of the evidence. Appellant's evidence was that he suffered permanent incapacity. Even Appellee's expert witness, Dr. Mooney, testified that Appellant would be unable to work for at least six months following surgery. See *Love v. Travelers Insurance Company,* 395 S.W.2d 682, 685 (Tex. Civ.App.—Texarkana 1965, writ ref'd n.r. e.). (Verdict that employee suffered no incapacity two months after surgery was against great weight of evidence, where insurance company witness testified that it would take from six to twelve months to recover.) Dr. Hestand's diagnosis that Appellant could return to work in August of 1985, was repudiated by Dr. Mooney, who testified that it was quite reasonable for a general practitioner to miss a serious problem later detected by a specialist. The jury's finding of incapacity through April 16, 1986, clearly indicates that the jury itself disregarded Dr. Hestand's diagnosis. The only evidence which might support the jury's finding is Appellant's limited recreational activities (onetime bicycle ride in May of 1986, and one time three-wheeler ride two months later). This evidence is insufficient to outweigh the considerable evidence against the jury's finding as to the duration of Appellant's injury.

Appellant's first two points of error are sustained. It is therefore unnecessary to

consider the remaining points of error regarding the court's charge.

The judgment of the trial court is reversed, and the case is remanded for a new trial.

OSBORN, Chief Justice, dissenting.

I respectfully dissent. I would join in the majority opinion if I thought the points of error which have been sustained were properly before us, but I have concluded that they are not, and therefore we should not sustain those points of error.

The Appellant filed a motion for new trial in which he stated: "There was absolutely no evidence to support the jury's answers" to the questions "inquiring the duration of total incapacity and whether the injury was a producing cause of any partial incapacity." After making reference to the medical evidence and the jury's answer, the conclusion in that paragraph of the motion for new trial states:

Therefore, there is no evidence and certainly insufficient evidence to support the said jury answers.

The first two points of error in the Appellant's brief are as follows:

POINT OF ERROR NO. 1

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND IN ENTERING JUDGMENT ON THE JURY VERDICT FOR THE REASON THAT THE JURY FINDING THAT APPELLANT SUFFERED NO INCAPACITY BEYOND THE 16TH DAY OF APRIL, 1986, IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND IS MANIFESTLY UNJUST.

POINT OF ERROR NO. 2

THE FAILURE OF THE JURY TO FIND THAT APPELLANT HAD SUFFERED ANY INCAPACITY BEYOND APRIL 16, 1986, IS CONTRARY TO THE OVERWHELMING WEIGHT AND PREPONDERANCE OF THE EVIDENCE AND IS MANIFESTLY UNJUST.

The Appellee argues that the Appellant has failed to preserve error as required by Tex.R.Civ.P. 324(b)(3), which is a prerequisite to a complaint on appeal "that a jury finding is against the overwhelming weight of the evidence." Since April 1, 1984, Tex.R.Civ.P. 324(b), has provided that a point in a motion for new trial is a prerequisite to the following complaints on appeal:

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

The Supreme Court has seen fit to make these separate issues just as are the other three issues listed in paragraph (b).

The Court has even gone further, and in adopting Tex.R.App.P. 52(d), specifies that:

A point in a motion for new trial is a prerequisite to appellate complaint in those instances provided in paragraph (b) of Rule 324 of the Texas Rules of Civil Procedure.

We recognize that the Supreme Court of Texas has adopted a liberal rule with reference to the construction of points of error, and we will pass on the merits of a point in the light of the statement and argument thereunder. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976). But, in this case, we are not dealing with a question as to the construction of a point of error but with a question of an assignment of error in a motion for new trial. While the Supreme Court has liberalized the manner in which points of error may be considered, it has required considerable specificity in the assignments of error in the motion for new trial.

In the amendment to Tex.R.Civ.P. 324, which became effective on January 1, 1978, the Court totally abolished the requirement that there be an assignment in a motion for new trial in order to complain on appeal "that one or more of a jury's findings have insufficient support in the evidence or against the overwhelming preponderance of the evidence...." That rule resulted in some confusion which the Court clarified in

*Howell v. Coca–Cola Bottling Company of Lubbock, Inc.,* 599 S.W.2d 801 (Tex. 1980). Prior to the 1978 amendment, the rules certainly required that a motion for new trial "specify each ground on which it is founded and no ground not specified shall be considered." *Wagner v. Foster,* 341 S.W.2d 887 (Tex.1960). As that opinion states, a ground of error not distinctly set forth was considered as waived. With the adoption of the 1984 amendment to Rule 324, the Court chose to return to at least some areas of specificity of grounds of error in a motion for new trial. It chose to specify five particular complaints which must appear in a motion for new trial in order to serve as the basis for a point of error. The two points of error which the majority have sustained are not based upon any ground in the motion for new trial even though Rule 324(b) and Rule 52(d) both make that requirement.

The 1984 amendment is clearly consistent with prior opinions by the Texas Supreme Court and its recognition of a difference between an "insufficient evidence" point and a "great weight" point of error. In *Croucher v. Croucher,* 660 S.W.2d 55 (Tex. 1983), the Court at page 58 said:

Mrs. Croucher also complained to the Court of Appeals that "there was no, or insufficient, evidence of lack of testamentary capacity to support the jury finding." Those points of error are appropriate when the party without the burden of proof complains of a jury finding. When, however, the party having the burden of proof appeals from an adverse fact finding in the trial court, the point of error should be that the matter was established as a matter of law, or that the jury's finding was against the great weight and preponderance of the evidence.

In applying the present rule, the court in *Friedman v. Houston Sports Association,* 731 S.W.2d 572 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) said:

A point in a motion for new trial is a prerequisite to a complaint on appeal that the jury finding is against the overwhelming weight of the evidence.

In an extensive article dealing with this issue, the members of the bar have been warned of the necessity that a point of error be germane to an assignment of error in the motion for new trial. M. O'Connor, Appealing Jury Findings, 12 Hous.L.Rev. 65 at 69 (1974). The author in that article said:

The wording of the assignments in the motion for new trial is crucial—if appellant does not use the correct terminology he loses what could have been a meritorious point of error.

While we recognize that the standard by which the record is to be reviewed (all the evidence) is the same under an "insufficient" assignment and a "great weight" assignment, the rule clearly specifies that a point in a motion for new trial must specify each of these issues in order to complain about such issue on appeal. Because the "great weight" issue relates to all the evidence, including that offered by the complaining party, and the "insufficient" issue only relates to the evidence offered by the non-complaining party, the rule separates the assignments of error into two separate and distinct issues. As noted by no less an authority than our former Chief Justice "there is a distinction between them." Robert W. Calvert "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 359, 366 (1960). We may not now amend the rule, rather we must follow it and the cases like *Friedman* which hold that a point in a motion for new trial is a prerequisite to a complaint on appeal that the jury finding is against the overwhelming weight of the evidence. I still believe "that Courts reviewing cases on appeal should be able to expect that attorneys will properly assign errors for appeal in a motion for new trial and write artfully drawn points of error asserting the complaint they expect the appellate Court to review." *Texas Employers' Insurance Association v. Stodghill,* 570 S.W.2d 398, 402 (Tex.Civ. App.—El Paso 1978), reversed, *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102 (Tex.1979). Points of Error Nos. One and Two are not based upon a

valid assignment of error in the motion for new trial and should not be sustained.