**Gus M. RIVAS, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 07–90–0238–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 15, 1991.

**820**

O'Shea, Hart & Forcum, P.C., W. Richard Forcum, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Gus M. Rivas, appellant, brought a workers' compensation action against Texas Employers' Insurance Association (TEIA), appellee, to recover benefits arising from an alleged on-the-job injury to his back. A jury found that appellant was injured in the course of his employment and that the injury was a producing cause of total incapacity from December 31, 1987 to March 28, 1989, and partial incapacity from March 29, 1989 to March 1, 1991. The jury further found Rivas contributed to his incapacity by persisting in injurious practices. The injurious practices contributed 75% of his incapacities.

On appeal, Rivas contends in his first point of error that the jury finding that he suffered no total incapacity after March 28, 1989, was against the overwhelming weight of the evidence. We will sustain the point, reverse the judgment, and remand the cause for a new trial.

Gus Rivas was employed at Plains Bag and Bagging Company in Lubbock, Texas as a truck driver. One of Rivas' duties was to unload the trucks he drove. On December 31, 1987, Rivas injured his back while unloading a truck in Brownfield, Texas. During 1988, Rivas saw three different physicians about his back. Rivas' main treating physician was Dr. Alex Fernandes, an orthopedic surgeon in Lubbock, who examined Rivas several times. After attempting conservative therapy, and running a variety of tests, Fernandes concluded surgery was necessary. Dr. Fernandes performed back surgery on Rivas on February 28, 1989. Dr. Fernandes testified by deposition that it would be a year after surgery before Rivas would probably be able to do light work. Fernandes also opined Rivas could not perform heavy work for two or three years after the surgery. At trial (April 2–4, 1990), Dr. Fernandes testified that he still had not released Rivas to return to "laboring activities." Dr. Fernandes testified that, at the time of trial, Rivas was precluded from bending, stair or ladder climbing, lifting items from the ground, carrying items weighing more than ten pounds, carrying lighter items more than a short distance, or driving a vehicle for a long period of time.

Neither of the other two doctors who examined Rivas during 1988 shared Dr. Fernandes' conclusion that Rivas had suffered a back injury necessitating surgery and neither physician believed he suffered any disability. Dr. Pal, another Lubbock orthopedic surgeon, who examined Rivas twice, concluded Rivas had only a lumbosacral strain and could return to work. Dr. Lloyd Garland, a Lubbock neurological surgeon, also examined Rivas. On the basis of several tests and a review of tests performed on Rivas by Dr. Fernandes, Dr. Garland concluded that the nerves in Rivas' back were not injured. Consistent with Dr. Pal's finding, Dr. Garland determined that Rivas had suffered only a lumbosacral strain and that surgery was not required. Dr. Garland felt that Rivas' back problems were simply due to the aging process and he had no objection to Rivas returning to work.

In his first point of error, Rivas contends the jury finding that he suffered no total

incapacity after March 28, 1989, was against the overwhelming weight of the evidence and was manifestly unjust. As an appellate court, we must consider all of the evidence in ruling on questions of weight and sufficiency. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264 (Tex.App.—Amarillo 1988, writ denied). We are required to remand the cause for a new trial only if we conclude the jury's finding on a vital issue is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d at 661; *Raw Hide Oil & Gas, Inc.*, 766 S.W.2d at 264.

Under the evidence detailed above, the jury could have agreed with Doctors Pal and Garland and found that Rivas did not sustain any incapacity. The jury, however, did not make such a finding. The jury's finding of total incapacity from December 31, 1987 through March 28, 1989, and of partial incapacity from March 29, 1989 until March 1, 1991, shows the jury did not accept Dr. Pal's and Dr. Garland's diagnoses of no injury. *See Elledge v. Texas General Indem.*, 762 S.W.2d 325, 327 (Tex.App.—El Paso 1988, writ denied).

The only other evidence which might support the challenged jury finding that total incapacity ended on March 28, 1989, was Rivas' deposition testimony taken in March 1989, that:

> The back doesn't hurt me anymore. The only thing I feel is a little weak, but it appears that I am going to make it.

When asked if he thought he would be able to return to work as a truck driver, Rivas responded,

> Well, right now I don't think so, but maybe in another two or three months, four months I am going to try.

However, Rivas testified at trial that subsequent to his deposition and about seven weeks after surgery, he became paralyzed for one or two hours. Since that time he had not felt well. At the time of trial, Rivas' wife still had to help him dress, bathe and use the restroom. Rivas was not working at the time of trial and had not worked since the accident. While Dr. Fernandes testified that many patients are able to return to heavy manual labor jobs following back surgery, he had not released Rivas to return to work as of April 1990. In fact, Dr. Fernandes testified at trial that even though it was more than one year after the surgery, he had no idea when Rivas might be able to return to laboring activities.

We find that the evidence in support of the jury's finding that Rivas' total incapacity ended on March 28, 1989, less than 30 days after his back surgery, is insufficient to outweigh the considerable evidence indicating Rivas had been disabled since the date of the accident and was still disabled at the time of the April 1990 trial. Weighing all the evidence, both for and against the finding on total incapacity, we conclude that the finding that Rivas' total incapacity ended March 28, 1989, is so against the great weight of the evidence as to be manifestly unjust. *See Elledge v. Texas General Indem.*, 762 S.W.2d at 327, in which a jury's finding that an employee suffered no incapacity two months after back surgery was found to be against the great weight and preponderance of the evidence. *Love v. Travelers Ins. Co.*, 395 S.W.2d 682 (Tex. Civ.App.—Texarkana 1965, writ ref'd n.r.e.), also holds a jury finding that an employee's total incapacity ended three months after back surgery to be contrary to the overwhelming weight of the evidence. Rivas' first point of error is sustained.

In point of error two, Rivas challenges the sufficiency of the evidence to raise a fact question that his failure to regularly wear a back brace was detrimental or harmful to his recovery. Rivas contends the trial court erred in granting TEIA's motion for a trial amendment by which TEIA alleged his failure to wear the back brace was a practice injurious to his recovery. In his third point of error, Rivas contends the evidence insufficient to support the jury's finding that his failure to wear the back brace as prescribed contributed to his incapacity. Our sustention of point of error one pretermits the necessity

for discussing the remainder of his points. The judgment of the trial court is reversed and the cause is remanded for a new trial.