**Reverend Rodney HOWELL, Petitioner,**

v.

**COCA–COLA BOTTLING COMPANY OF LUBBOCK, INC., Respondent.**

**No. B–9343.**

Supreme Court of Texas.

May 21, 1980.

Mark Smith & Associates, Lubbock, for petitioner.

Crenshaw, Dupree & Milam, Tom S. Milam and Cecil Kuhne, Lubbock, for respondent.

**ON APPLICATION FOR WRIT OF ERROR**

PER CURIAM.

We refuse the writ of error in this case, no reversible error, but we disapprove that part of the opinion which holds that Rule 324, Tex.R.Civ.P., required the plaintiff in a non-jury action to file a motion for new trial as a predicate to preserve the alleged error.  595 S.W.2d 208.

The trial court dismissed Reverend Rodney Howell's suit after sustaining a special exception which stated that the action was barred by limitations.  Plaintiff's fourth amended petition had dropped the defendant that had been sued in the first three petitions and named a new and different defendant in the fourth amended petition. The court of civil appeals, after holding that the suit was barred, made the additional holding that plaintiff had waived his point because he failed to file a motion for new trial.

Effective January 1, 1978, Rule 324 was amended to eliminate the necessity for a motion for new trial even in most jury cases.  Rule 324 states in part "A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case."  At the same time, Rule 325 was repealed.  That rule required a motion for new trial in certain named instances which occurred in the course of trial.

---

The court of civil appeals in this case has construed Rule 324 to require a motion for new trial even in a non-jury case. A similar holding was made in *Brock v. Brock*, 586 S.W.2d 927 (Tex.Civ.App.—El Paso 1979, no writ). The reasoning in each case relies upon that part of revised Rule 324 which states that it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon. The effect of the construction is that every judgment must be attacked by a motion for new trial because the trial court in the absence of a motion for new trial has not previously had an opportunity to rule on the validity of the judgment itself. A contrary result was reached in *Brown v. Brown*, 590 S.W.2d 808 (Tex.Civ. App.—Eastland 1979, no writ), wherein the court disagreed with *Brock v. Brock, supra.*

We disapprove the holdings in this case and *Brock v. Brock*. The intent of Rule 324 was to eliminate motions for new trial, but the construction given that rule by this case and *Brock*, actually requires motions for new trials even in non-jury cases. *See* Appellate Procedure in Texas § 10.1–10.5 (2d ed. 1979).

The application for writ of error is refused, no reversible error.