AERO ENERGY, INC. et al.,
Petitioners,

v.

CIRCLE C DRILLING
COMPANY, Respondent.

No. C–3728.

Supreme Court of Texas.

Nov. 6, 1985.

Rehearing Denied Dec. 18, 1985.

Maurice Bresenhan, Jr., Houston, for petitioners.

Doherty & Williamson, Larry J. Doherty, Sullins & Johnston, Gail Magers, Houston, for respondent.

KILGARLIN, Justice.

This suit to recover damages for breach of contract and fraud resulted in a post-jury trial judgment for Circle C Drilling Company against Aero Energy, Inc., Aero Energy, Ltd., and Coloma Petroleum, Inc. The judgment awarded Circle C damages for breach of contract, attorney's fees, and punitive damages for fraud. Coloma settled with Circle C while the case was pend-

ing in the court of appeals. In an unpublished opinion, that court affirmed the judgment against Aero, Inc. and Aero, Ltd. We reverse the judgment as to Aero, Inc. and remand to the trial court for further proceedings. We affirm the judgments of the courts below as to Aero, Ltd.

On May 25, 1981, Coloma executed a joint exploration and development agreement with Aero, Inc., a wholly-owned subsidiary of Aero, Ltd. The purpose of the agreement was to explore and develop oil and gas deposits in an area known as the Allied Program. Coloma was to provide expertise and control of physical operations under the agreement; Aero, Inc.'s responsibility was to finance the operations.

On August 26, 1981, Coloma, pursuant to the agreement, executed a drilling contract with Circle C. The drilling contract obligated Circle C to drill several wells within the Allied Program over a period of one year. Circle C drilled two wells in the Allied Program and drilled one well outside the area for Aero, Inc. On March 4, 1982, Coloma terminated the contract with Circle C. Circle C then brought this suit.

The jury found as follows: (1) that Coloma guaranteed one year of drilling activity to Circle C; (2) that Circle C relied on this representation and leased a drilling rig from Manufacturer's Hanover Leasing Corporation; (3) that Coloma and Aero, Ltd. were joint venturers; (4) that Aero, Ltd. was the alter ego of Aero, Inc.; and (5) that at the time of signing the contract Coloma did not intend to treat the contract as a one year drilling guarantee or to pay early termination compensation per contract terms. The trial court concluded that as a matter of law, Aero, Inc. and Coloma were joint venturers.

In their first point of error, Aero, Inc. and Aero, Ltd. contend that there was no evidence to support the jury's answer to issue fourteen that a joint venture existed between Coloma and Aero, Ltd. No evidence points must be preserved through one of the following procedural steps in the trial court: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or, (5) a motion for new trial. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960); *Commercial Insurance Co. of Newark v. Puente*, 535 S.W.2d 948, 950 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

■ A review of the record reveals that neither Aero, Inc. nor Aero, Ltd. made any of the above motions. While Aero, Inc. and Aero, Ltd. did object to issue fourteen, the Aero, Ltd./Coloma joint venture inquiry, it was not a no evidence objection. The objection to issue fourteen complained that the definition of joint venture was improper, and that "the issue should not be submitted in that ... Aero Energy, Ltd. is not a party to the contract in question, and furthermore, the contract that does exist specifically disclaims any partnership relationship between Coloma Petroleum, Inc. and Aero Energy, Ltd."

A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Tex.R.Civ.P. 274. We hold that the objection to issue fourteen was not sufficient to preserve a no evidence point because the objection did not distinctly point out that ground.

In oral argument, counsel for Aero, Inc. and Aero, Ltd. stated that they had properly preserved error and cited us to *Litton Industrial Products, Inc. v. Gammage*, 668 S.W.2d 319 (Tex.1984), and *Howell v. Coca-Cola Bottling Co. of Lubbock*, 599 S.W.2d 801 (Tex.1980). Both cases are, however, easily distinguished.

In *Howell*, this court was confronted with whether a motion for a new trial was required under Tex.R.Civ.P. 324 in a nonjury case. In refusing the application, no reversible error, we disapproved the language of the court of appeals requiring the

complaining party to file a motion for a new trial as a predicate to preserve error in a non-jury trial. *Id.* The alleged error in *Howell* was not a no evidence point.

In *Gammage,* we were confronted with a unique situation where neither the pleadings nor the issues submitted to the jury supported a DTPA action, yet the trial court trebled actual damages, finding a DTPA violation. 668 S.W.2d at 321. The court of appeals held that the defendant waived its complaint that there was no evidence or insufficient evidence to support the trial court's action by not filing a motion for new trial. *Litton Industrial Products, Inc. v. Gammage,* 644 S.W.2d at 170, 172 (Tex.App.—Houston [14th Dist.] 1982). We reversed, holding that a motion for new trial was not required as a predicate to preserve error. 668 S.W.2d at 323. Because the complaining party in *Gammage* would not have had any reason to preserve its no evidence point through any of the proper motions or objections, we find *Gammage* distinguishable on its facts.

■ In their second and third points of error, Aero, Inc. and Aero, Ltd. argue that there was no evidence to support the trial court finding that there was a joint venture between Aero, Inc. and Coloma. Petitioners also did not properly preserve this no evidence point. However, they did properly object to the failure of the trial court to submit this issue to the jury. Aero, Inc. and Aero, Ltd. specifically objected to the omission of the issue from the charge and requested the issue in substantially correct form. Tex.R.Civ.P. 279. The evidence clearly shows that this was a disputed fact and a controlling issue in the case. Therefore, the trial court erred in refusing to submit to the jury the issue as to a joint venture between Coloma and Aero, Inc.

■ Petitioners also complain of the trial court's award of attorney's fees to Circle C. They argue that there was no evidence to warrant submission of this question to the jury. Circle C pleaded causes of action for breach of the drilling contract and for fraudulent inducement of its leasing contract with Manufacturer's Hanover Leasing Corporation. Aero, Inc. and Aero, Ltd. did not object to the broad issue submitted to the jury, which allowed consideration of attorney fees for both causes. Because they did not object to the failure of the trial court to segregate the attorney's fees between the claims, they have waived that point. *Matthews v. Candlewood Builders, Inc.,* 685 S.W.2d 649, 650 (Tex.1985); Tex. R.Civ.P. 274.

■ We need not pass on petitioners' point of error in which they assert that there was no evidence to support the jury's finding that Aero, Ltd. was the alter ego of Aero, Inc. Issues were submitted to the jury which would support two different theories of recovery against Aero, Ltd.: (1) that Aero, Ltd. was liable as a joint venturer with Coloma, and (2) that Aero, Inc. was a joint venturer with Coloma, and Aero, Ltd. was liable because it was the alter ego of Aero, Inc. Because we hold that Aero, Ltd. did not preserve any error relating to the first theory of recovery, any error as to the alter ego point would be immaterial. *See* Tex.R.Civ.P. 503.

We affirm that part of the judgment below that rendered recovery by Circle C against Aero Energy, Ltd. We reverse the judgment rendered against Aero Energy, Inc., sever, and remand that cause to the trial court for further proceedings.