Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-08-00877-CV

Robert E. **SPINKS** Jr.,
Appellant

v.

Marvin **BROWN**, M.D.,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 1998-CI-16743
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Karen Angelini, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed: February 3, 2010

AFFIRMED

In this medical malpractice suit, a jury found Dr. Marvin Brown's negligence did not

proximately cause Robert E. Spinks Jr.'s injuries. The trial court rendered a take nothing judgment

in accordance with the jury's verdict. Spinks appeals, *pro se*, arguing only that "the overwhelming

evidence does not support the verdict."

We construe Spinks's argument as a complaint that the jury finding is against the great weight and preponderance of the evidence — a challenge to the factual sufficiency of the evidence. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998) (in considering factual sufficiency challenge to jury's verdict, "court of appeals can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust"). To preserve a complaint about the factual sufficiency of the evidence to support a jury finding for appellate review, a party must raise the issue in a motion for new trial. TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 324(b)(2); *see Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991). Spinks did not file a motion for new trial, nor did he raise factual sufficiency in any other post-trial motion. Accordingly, the issue is not preserved and we may not consider it.

Even if we liberally construe Spinks's brief as raising a legal sufficiency point, we may not consider the issue because Spinks did not preserve it by arguing in the trial court that he established negligence as a matter of law or that no evidence existed to support the jury's failure to find negligence. *See Cook v. Sabio Oil & Gas, Inc.*, 972 S.W.2d 106, 109 (Tex. App.—Waco 1998, pet. denied); *see also Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985) (enumerating methods of preserving legal sufficiency point for appellate review in case tried to jury).

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice