In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-14-00160-CV
_____

IN RE COMMITMENT OF PATRICK WAYNE CARY

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-08-09026 CV

MEMORANDUM OPINION

Patrick Wayne Cary challenges his commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (the SVP statute). In four issues presented for his appeal, Cary challenges the legal and factual sufficiency of the evidence supporting the jury's verdict, contends he has a statutory right to have counsel present during his post-petition psychiatric examination by the State's experts, and argues this Court's decision in *In re Commitment of Richard*, No. 09-13-00539-CV, 2014 WL 2931852 (Tex. App.—Beaumont June 26, 2014, pet. denied) (mem. op.), *cert.*

1

*denied*, 135 S.Ct. 1747 (U.S. Apr. 6, 2015), renders Chapter 841 of the Texas Health and Safety Code unconstitutional. We find Cary's issues are without merit and we affirm the trial court's judgment and order of civil commitment.

Legal and Factual Sufficiency

Cary contends the evidence is legally and factually insufficient to support the jury's verdict that he is a sexually violent predator because Cary was incarcerated at the time of his trial. Cary argues that while he is incarcerated he presents no danger to children. Absent evidence of his immediate release into an environment where children are present, he argues, the evidence fails to demonstrate that he is currently dangerous and, consequently, there is legally and factually insufficient evidence to support the jury's finding that he suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

To preserve a legal sufficiency claim, a party must show that the challenge was first raised with the trial court through (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985). Cary did not move for an instructed verdict

or a judgment notwithstanding the verdict; nor did he object to submitting the question to the jury, move to disregard the jury's answer, or include a legal sufficiency argument in his motion for new trial. Cary failed to preserve his legal sufficiency challenge for appellate review. *See* Tex. R. App. P. 33.1. We overrule issue one.

The State contends that Cary also failed to preserve error relating to his factual sufficiency challenge. "An issue on appeal must comport with an objection made at trial; otherwise, the appellate complaint is waived." *In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 WL 3355758 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.). In his motion for new trial, Cary argued that the State failed to present reliable evidence that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Cary argued that the State failed to establish that his past convictions were predatory acts or that his behavioral abnormality would make him likely to engage in future acts of sexual violence. This argument differs substantially from the argument that Cary presents for the first time on appeal—that Cary is not presently dangerous because he is incarcerated.

Furthermore, as it relates to the jury's finding that Cary is a sexually violent predator, the evidence concerning Cary's release date does not "reflect[] a risk of

injustice that would compel ordering a new trial." *See In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). Civil commitment proceedings typically commence not later than sixteen months before the person's anticipated release. *See* Tex. Health & Safety Code Ann. § 841.021(c). In this case, the trial of the civil commitment petition took place in February 2014. Cary testified that his prison discharge date is December 15, 2014. One of the State's witnesses, Dr. Jason Dunham, testified that Cary might be released from prison earlier than December 2014 as a result of completing a sex offender education program. Cary testified that he participated in the sex offender education program from July 2013 through October 2013. Dr. Dunham testified that Cary currently suffers from pedophilia, a chronic condition for which he has not received treatment. According to Dr. Dunham, Cary had a behavioral abnormality when he entered prison and it is still present after ten years of incarceration. Thus, the trial testimony established that Cary's incarceration may cease within ten months of the date of the trial but his behavioral abnormality will persist. Cary identifies no evidence in the record from which the jury could reasonably have concluded that Cary's condition would change substantially in ten months or less.

The opinion testimony of each of the State's expert witnesses represents "a reasoned judgment based upon established research and techniques for his

profession and not the mere *ipse dixit* of a credentialed witness." *Day*, 342 S.W.3d at 206. The jury, acting in its exclusive role as the sole judge of the credibility of the witnesses and the weight to be given their testimony, resolved any conflicts and contradictions in the evidence and accepted the opinions of the State's experts. *See In re Commitment of Kalati*, 370 S.W.3d 435, 439 (Tex. App.—Beaumont 2012, pet. denied). Weighing all of the evidence, we conclude the verdict does not reflect a risk of injustice that would compel ordering a new trial. *Day*, 342 S.W.3d at 213. We overrule issue two.

Presence of Counsel at Examination

In issue three, Cary contends he has a statutory right to have his attorney present during his post-petition psychiatric examination by the State's experts. He argues that a proper construction of section 841.144(a) of the Texas Health and Safety Code, which provides that "a person subject to a civil commitment proceeding under this chapter is entitled to the assistance of counsel at all stages of the proceeding[,]" creates a right for counsel to be present at his post-petition psychiatric examination by the State's expert witnesses because a "civil commitment proceeding" includes "a trial or hearing conducted under Subchapter D, F, or G" and the statutory provision requiring a person to submit to a post-

petition examination is contained within Subchapter D, which is titled "Trial[.]" *See* Tex. Health & Safety Code Ann. §§ 841.002(3-a), 841.061(f), 841.144(a).

In construing a statute, our primary objective "is to determine and give effect to the Legislature's intent." *Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 853 (Tex. 2012). Generally, words contained in a statute are given their ordinary meaning. *See* Tex. Gov't Code Ann. § 311.011 (West 2013). Cary suggests the plain meaning of the words in the statute requires counsel's physical presence at an examination conducted under section 841.061(f) because section 841.144 uses the word "at" in the phrase "a person subject to a civil commitment proceeding under this chapter is entitled to the assistance of counsel at all stages of the proceeding." *See* Tex. Health & Safety Code Ann. §§ 841.061(f), 841.144(a). Cary argues "at" can be understood to refer to physical presence. Giving the words in the statute their plain meaning when read as a whole, however, the words "at all stages" suggests when, not where, counsel shall provide assistance. *See id*.

Cary acknowledges that other civil commitment cases address this issue and uniformly hold that section 841.061(f) does not grant a statutory right for counsel to be physically present during the examination. *See In re Commitment of Smith*, 422 S.W.3d 802, 806-07 (Tex. App.—Beaumont 2014, pet. denied); *see also In re Commitment of Ramsey*, No. 09-14-00304-CV, 2015 WL 1360039, at *3-5 (Tex.

6

App.—Beaumont Mar. 26, 2015, pet. filed) (mem. op.) (rejecting argument that the person has a right to videotape the examination incidental to implementation of the statutory right to assistance of counsel); *In re Commitment of Slama*, 2014 WL 6488943, at *1 (Tex. App.–Beaumont Nov. 20, 2014, no pet.) (mem. op.); *In re Commitment of Edwards*, 443 S.W.3d 520, 529 (Tex. App.—Beaumont 2014, pet. denied); *Richard*, 2014 WL 2931852, at *4; *In re Commitment of Cardenas*, No. 09-13-00484-CV, 2014 WL 2616972, at *4 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.); *In re Commitment of Muzzy*, No. 09-13-00496-CV, 2014 WL 1778254, at *1 (Tex. App.—Beaumont May 1, 2014, pet. denied) (mem. op.); *In re Commitment of Speed*, No. 09-13-00488-CV, 2014 WL 1663361, at *1 (Tex. App.—Beaumont Apr. 24, 2014, pet. denied) (mem. op.); *In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 WL 1400671, at *1 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.); *In re Commitment of Wirtz*, 451 S.W.3d 462, 468-69 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *In re Commitment of Bryant*, No. 09-13-00310-CV, 2014 WL 4460405, at *1 (Tex. App.—Beaumont Sept. 11, 2014, no pet.) (mem. op.).

Cary cites *In re Detention of Kistenmacher*, a case from another state, as supporting authority for construing section 841.061 of the Texas Health and Safety Code to create a right for counsel to be physically present during the examination.

*See* 178 P.3d 949 (Wash. 2008). When the Legislature decides to enact a particular statute, we also presume that it did so "with knowledge of the background law and with reference to it." *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 137 (Tex. 2013). However, the Texas Legislature enacted sections 841.061 and 841.144 before *Kistenmacher* was decided, so there is no reason for us to suppose that our Legislature was considering the Washington court's construction of its own statute in drafting the Texas statute.

We are not persuaded that we interpreted incorrectly section 841.061 of the Texas Health and Safety Code as not creating a right for counsel to be physically present during the examination. Accordingly, we overrule issue three.

### *In re Commitment of Richard*

In issue four, Cary contends an opinion issued by this Court after his trial, retroactively rendered all of Chapter 841 of the Texas Health and Safety Code facially unconstitutional. *See Richard*, 2014 WL 2931852, at *4. Constitutional claims and challenges to the constitutionality of a state statute must be asserted in the trial court in order to be raised in the court of appeals. *See Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (failure to assert constitutional claim in trial court bars appellate review of claim); *see also In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) (constitutional complaints may be

8

waived), *cert. denied*, 546 U.S. 961 (2005). Cary does not cite this Court to any place in the record where he made a constitutional challenge to the statute in the trial court, but he implies that his failure to raise a constitutional challenge is excused because we decided *Richard* after his case was tried.

Cary contends this Court's reasoning in *Richard* was contrary to federal constitutional law, which he argues "clearly requires as a condition of involuntary civil commitment some type of 'mental condition' or 'ailment of the mind' even though a 'mental illness' is not required." *See generally Kansas v. Hendricks*, 521 U.S. 346, 358-59 (1997). Initially, we note that the record contains information from which the jury could reasonably find that Cary does have a mental condition. For instance, Dr. Dunham gave Cary a diagnosis of "pedophilia, sexually attracted to both males and females, nonexclusive type . . . [,] cocaine dependence by history, alcohol dependence by history, and [] personality disorder not otherwise specified with antisocial features." A psychiatrist, Dr. Michael Arambula, diagnosed Cary with pedophilia, alcohol and drug dependence and personality disorder not otherwise specified.

To prevail on a constitutional claim, Cary must establish that Chapter 841 always operates unconstitutionally. *See Wilson v. Andrews*, 10 S.W.3d 663, 670 (Tex. 1999). We have repeatedly rejected this same argument presented in other

9

recent civil commitment appeals. *See In re Commitment of Williams*, No. 09-14-00270-CV, 2015 WL 2124997, at *4 (Tex. App.—Beaumont May 7, 2015, no pet. h.) (mem. op.); *In re Commitment of Dockery*, No. 09-14-00236-CV, 2015 WL 2124995, at *4 (Tex. App.—Beaumont May 7, 2015, no pet. h.) (mem. op.); *In re Commitment of Carr*, No. 09-14-00156-CV, 2015 WL 1611949, at *3 (Tex. App.—Beaumont Apr. 9, 2015, no pet. h.) (mem. op.); *In re Commitment of Sorrells*, No. 09-14-00274-CV, 2015 WL 1611943, at *2 (Tex. App.—Beaumont Apr. 9, 2015, no pet. h.) (mem. op.); *In re Commitment of Lopez*, No. 09-14-00101-CV, ___ S.W.3d ___, ___, 2015 WL 1611841, at *7 (Tex. App.—Beaumont Apr. 9, 2015, no pet. h.); *In re Commitment of DeLeon*, No. 09-14-00260-CV, 2015 WL 794699, at *5 (Tex. App.—Beaumont Feb. 26, 2015, no pet.) (mem. op.); *In re Commitment of Walters*, No. 09-14-00158-CV, 2015 WL 690858, at *5 (Tex. App.—Beaumont Feb. 19, 2015, no pet.) (mem. op.); *In re Commitment of Lujan*, No. 09-14-00230-CV, 2015 WL 690813, at *6 (Tex. App.—Beaumont Feb. 19, 2015, no pet. h.) (mem. op.); *In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 WL 474604, at *9-10 (Tex. App.—Beaumont Feb. 5, 2015, pet. filed) (mem. op.).

Cary has not demonstrated on appeal that Chapter 841 of the Texas Health and Safety Code is unconstitutional. *See Lucero*, 2015 WL 474604, at *9-10. We

overrule issue four and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 30, 2015
Opinion Delivered May 28, 2015

Before Kreger, Horton, and Johnson, JJ.

11