**Opinion filed October 8, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00120-CV

_____

## ALICE RUTH PETERS, INDEPENDENT EXECUTRIX FOR THE ESTATE OF JO ALICE STOUT, ET AL., Appellants

## V.

## JERRY BOB YOUNG AND WIFE, KAREN ELAINE YOUNG, Appellees

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 10,532**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final judgment in which the trial court, based on the jury's answers, ordered Jo Alice Stout and Jack L. Stout[1] to specifically perform

---

[1]Jack L. Stout and Jo Alice Stout died during the pendency of this suit. Alice Ruth Peters, the independent executrix for the Estate of Jo Alice Stout, was substituted for Jo Alice Stout. The Estate of Jack L. Stout was represented by Anne F. Stout, as the independent executrix of the Estate of Jack L. Stout and individually; Jack Mark Stout and Molly Stout Urbanzcyk as Trustees for Sarah McKay Stout and Braden Kaven Lowe Stout, minor children; Jack Mark Stout, individually; and Molly Stout Urbanzcyk, individually. For ease of reference, we refer to Appellants as Jack L. Stout and Jo Alice Stout.

under an option contract. Jerry Bob Young and his wife, Karen Elaine Young, filed suit against Jo Alice Stout and Jack L. Stout for specific performance under an option contract for the purchase of real property located in Baylor County. Jo Alice Stout filed a motion for summary judgment in which she alleged that the option contract was void based on the "Rule Against Perpetuities." The trial court denied her motion and concluded that there were "material fact issues" and that the option contract was not void due to the Rule Against Perpetuities. The parties went to trial, and the jury found that the Stouts failed to comply with the option contract. The trial court subsequently entered a final judgment in which it ordered specific performance under the option contract and awarded attorney's fees to the Youngs. We affirm.

In September 2001, Jo Alice Stout and Jack L. Stout entered into an option contract with the Youngs for the purchase of real property. The Stouts were the owners of an undivided interest; the option contract was conditioned on the partition of the property. The option contract stated:

> This option is for an indefinite term and shall continue for a period to and including a six (6) month period commencing upon actual receipt by [Youngs] from [Stouts] of a certified copy of a final judgment issued by a court of competent jurisdiction over all interested parties and the property or a partition deed obtained through settlement by all parties having an interest in the property evidencing a partitioning of each [Stout's] portion of the property from an undivided interest to the total property to specific acreage in the property as set forth in the judgment or partition deed.

At least four times between 2002 and 2004, Appellees refused to waive the condition precedent that the Stouts partition the land. In August 2009, after receiving notice that the land would not be partitioned, the Youngs nevertheless exercised their option to buy the undivided interest of the Stouts. The Stouts refused to honor the option contract. Jo Alice Stout and Jack L. Stout filed separate notices

of appeal and present different issues on appeal. We will address Jo Alice Stout's issues first.

Jo Alice Stout presents two issues on appeal. In her first issue, she challenges the trial court's denial of her motion for summary judgment. The denial of a summary judgment is not reviewable on appeal, as it is not a final judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Further, we do not have jurisdiction to review whether a trial court erred when it denied a party's motion for summary judgment if a trial on the merits followed the trial court's denial of the motion. *Superior Broad. Prods. v. Doud Media Grp., L.L.C.*, 392 S.W.3d 198, 204–05 (Tex. App.—Eastland 2012, no pet.); *see Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966). A trial on the merits of Jo Alice Stout's Rule-Against-Perpetuities defense followed the trial court's denial of Jo Alice Stout's motion for summary judgment on the Rule Against Perpetuities. Jo Alice Stout's first issue is overruled.

In her second issue, Jo Alice Stout argues that the trial court erred when it entered judgment in favor of the Youngs because the option contract violated the Rule Against Perpetuities. This is essentially a legal or factual sufficiency challenge to the jury's findings and the judgment entered based on the jury's findings. To preserve a legal sufficiency or no-evidence issue for appeal when a jury trial was held, a party must use one of the following methods: (1) a motion for instructed verdict, (2) an objection to the submission of the issue to the jury, (3) a motion to disregard the jury's answer, (4) a motion for judgment notwithstanding the verdict, or (5) a motion for new trial specifically raising the complaint. *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)); *Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc.*, 927 S.W.2d 146, 148–49 (Tex. App.—Corpus Christi 1996, no writ). A complaint challenging the factual sufficiency of the evidence to support a jury

3

finding must be urged in a motion for new trial in order to preserve the issue for appeal. TEX. R. CIV. P. 324(b); *Cecil*, 804 S.W.2d at 510; *Arroyo Shrimp Farm*, 927 S.W.2d at 149. We have reviewed the record and find that Jo Alice Stout did not challenge the legal or factual sufficiency of the evidence in the trial court at any juncture. Accordingly, we hold that Jo Alice Stout has waived her second issue on appeal.

Additionally, we note that, at oral argument, the attorney for Jo Alice Stout conceded that the trial court made no adverse ruling on whether the Rule Against Perpetuities applies. Under Texas Rule of Appellate Procedure 33.1(a)(2), because Jo Alice Stout did not receive an adverse ruling from the trial court, this complaint was not properly preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(2). We overrule Jo Alice Stout's second issue.

Jack L. Stout argues five issues on appeal. Although he labels the findings as trial court findings, in each of his issues, Jack L. Stout actually attacks the jury findings in favor of the Youngs. Stout does not differentiate whether these issues are based on legal or factual sufficiency. We will address both the legal and factual sufficiency challenges to the jury's findings.

An attack based on the legal sufficiency of evidence supporting a jury finding may be preserved for appeal in any of five ways: (1) an objection to the charge, (2) a motion for directed verdict, (3) a motion to disregard the finding, (4) a motion for judgment notwithstanding the verdict, or (5) a motion for new trial. *Cecil*, 804 S.W.2d at 510–11. Jack L. Stout failed to properly preserve his no-evidence complaint for appeal. He did not object to the jury submission on the basis that no evidence exists to support the submission, nor did he file a motion for directed verdict, a motion for judgment notwithstanding the verdict, a motion to disregard the jury's findings, or a motion for new trial. We therefore conclude that Jack L. Stout waived any legal sufficiency complaint.

4

Next, we turn to the factual sufficiency complaints on appeal. A complaint challenging the factual sufficiency of the evidence to support a jury finding must be urged in a motion for new trial in order to preserve the issue for appeal. TEX. R. CIV. P. 324(b); *Cecil*, 804 S.W.2d at 510. We have reviewed the record and find that Jack L. Stout did not challenge the factual sufficiency in a motion for new trial. Jack L. Stout has waived any factual sufficiency complaint. We overrule Jack L. Stout's issues on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

October 8, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.