**Affirmed and Opinion Filed January 26, 2022**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-21-00655-CV

_____

### IN THE INTEREST OF A.R.S., A CHILD

_____

### On Appeal from the 382nd Judicial District Court
### Rockwall County, Texas
### Trial Court Cause No. 1-19-0972

_____

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

This is an appeal from the trial court's July 29, 2021 Order of Termination (the Order). The Order was based on a jury verdict; jurors found three statutory grounds to terminate the parental rights of S.R.S. (Mother) to her daughter, A.R.S., and they found that termination of Mother's rights was in A.R.S.'s best interest. In four issues, Mother challenges the legal and factual sufficiency of the evidence to support each of the three statutory grounds for termination and the finding that termination of her parental rights is in A.R.S.'s best interest. We affirm the trial court's order.

The trial record establishes that A.R.S. was born on March 30, 2019, when Mother was in prison, serving a ten-month term for possession of methamphetamine. Approximately one month after her release from prison, Mother tested positive for methamphetamine. The Department of Family and Protective Services (the Department) filed a case concerning A.R.S. The child tested positive for cocaine and methamphetamine, and the court ordered her removed from Mother's home. At trial, Mother acknowledged that she had a history of abusing first prescription drugs and later illegal ones. And she admitted getting a late start on her compliance with the service plan the Department and court put in place for her to have A.R.S. returned. But by the time of trial Mother contended she had complied with all requirements of the service plan; the Department argued that she had not met any of the goals of the plan.

The jurors were asked whether they found by clear and convincing evidence that Mother:

> has knowingly placed or knowingly allowed the child, [A.R.S.], to remain in conditions or surroundings which endangered the physical or emotional well-being of the child?

> has engaged in conduct or knowingly placed the child, [A.R.S.], with persons who engaged in conduct which endangered the physical or emotional well-being of the child?

> has failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child, [A.R.S.], who has been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child?

The jurors answered "yes" to each of these questions—corresponding to sections 161.001(b)(1)(D), (E), and (O) of the Texas Family Code—and they answered "yes" when asked whether the parent-child relationship between Mother and A.R.S. should be terminated because it is in the best interest of the child. Together, these responses satisfied the termination requirements of the family code. *See* TEX. FAM. CODE ANN. § 161001(b).

In this Court, Mother challenges the sufficiency of the evidence supporting the jury's findings. The Department argues that Mother has not preserved these issues. After a jury trial, a legal sufficiency challenge may be preserved in the trial court in one of the following ways: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *Interest of D.T.*, 625 S.W.3d 62, 75 n.8 (Tex. 2021) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)). Preservation of a factual-sufficiency challenge requires a motion for new trial. *Id.*; *see also* TEX. R. CIV. P. 324(b)(2).

Our review of the record establishes that Mother did not file or make an oral motion for instructed verdict or a motion for judgment notwithstanding the verdict. She did not object to any issue submitted to the jury or ask the court to disregard a jury's answer. Nor did she file a motion for new trial. In the absence of any of these measures, Mother's issues are not preserved for our review. *See In re A.P.*, No. 05-

19-01536-CV, 2020 WL 3071708, at *5–6 (Tex. App.—Dallas June 10, 2020, no pet.) (mem. op.); *see also In re D.T.*, 625 S.W.3d at 75 (confirming waiver in termination of parental rights case based on non-compliance with above-listed grounds); *In re M.M.*, No. 05-19-00329-CV, 2019 WL 4302255, at *6 (Tex. App.—Dallas Sept. 11, 2019, pet. denied) (mem. op.) (overruling Father's sufficiency issue because he failed to preserve error by filing new trial motion or "us[ing] any procedure recognized as preserving legal sufficiency points").[1]

We overrule Mother's issues, and we affirm the trial court's Order.

210655f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[1] The Texas Supreme Court has directed us to review the evidence supporting findings on grounds (D) and (E), even if a termination appeal is being resolved on a different ground, because those findings may have an effect on subsequent proceedings involving the parent. *See Interest of N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (citing FAM. § 161.001(b)(1)(M)). However, we cannot review the sufficiency of the evidence supporting those findings when the issue has not been preserved. *See Interest of A.P.*, 2020 WL 3071708, at *6 ("although Mother challenges the sufficiency of the evidence supporting the jury's predicate statutory findings on grounds (D) and (E), we need not review the evidence supporting those findings because Mother did not preserve error").



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.R.S., A CHILD

No. 05-21-00655-CV

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 1-19-0972. Opinion delivered by Justice Pedersen, III. Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 26th day of January, 2022.