**Affirm and Opinion Filed April 4, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-22-01136-CV

## IN THE INTEREST OF BABY BOY J., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-00644-U**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellants C.J. (Mother) and A.G. (Father) both separately appeal the termination of their parental rights to Baby Boy J. Mother contends the evidence was legally and factually insufficient to support the jury's findings under Texas Family Code section 161.001(b)(1)(D), (E), (O), the jury's best interest finding, and the appointment of the Texas Department of Family and Protective Services (the Department) as Baby Boy J's managing conservator. Father argues the evidence was legally and factually insufficient to support the jury's findings under section 161.001(b)(1)(D), (E), the jury's best interest finding and the appointment of the Department as managing conservator. Father also contends the trial court erred by

allowing hearsay statements of another child into evidence. We conclude Mother and Father failed to preserve their sufficiency challenges, and we find no abuse of discretion concerning the admission of evidence challenged by Father. We overrule all appellate issues and affirm the termination orders.

## BACKGROUND

Baby Boy J was born on November 23, 2020. He is the youngest of Mother's three children. His older siblings, T.L. and K.B.J. (KJ) were removed from Mother's custody in April 2020 after KJ suffered severe injuries that resulted in permanent brain damage while in Mother's care. Medical records show KJ suffered an intracranial hemorrhage, skull fractures, an injury to his liver, had bruises from his head to his feet, bilateral black eyes, and old scars all over his body. Mother told hospital staff that KJ passed out in the shower and suffered an asthma attack. She also claimed Father caused KJ's injuries by hitting KJ with a belt. Mother was arrested for criminal injury to a child. At the time of the termination trial related to Baby Boy J, Mother was facing felony charges for KJ's injuries. As a condition of Mother's bond in her criminal injury to a child case, she was to have no contact with children, including T.L. and KJ.

In June 2020, the Department became aware of Mother's pregnancy with Baby Boy J. Because of the Department's history with Mother and her older children, the Department was concerned Baby Boy J's safety would be jeopardized if he was not removed from Mother and Father's custody at birth. The Department,

therefore, took steps to remove Baby Boy J as soon as he was born. But Mother and Father took steps to hide the child's birth from the Department and avoid his removal.

During a video call in December 2020, Mother told her Department caseworker she had not yet given birth. Once the Department determined Baby Boy J had been born, Mother refused to turn him over to the Department or provide his location. Mother even rented a room at the Budget Suites under another name so law enforcement would not discover that Father and Baby Boy J were staying there. Similarly, Father removed a court-ordered[1] ankle monitor to prevent authorities from locating him and Baby Boy J. Father eventually made phone contact with the Department to confirm that Baby Boy J was safe, and allowed a video visit so the caseworkers could visually see Baby Boy J.

When Father and Baby Boy J were eventually located, authorities arrested Father on outstanding warrants. When Baby Boy J was recovered, he had no injuries and appeared properly nourished, but was behind on his shots. After observing Baby Boy J, the Department released him to the custody of his aunt, A.B.

In January 2021, the Department filed a petition to terminate Mother and Father's parental rights to Baby Boy J. The Department alleged termination was warranted due to Mother's open case regarding the physical injuries she inflicted on

---

[1] At the time of the termination trial, several criminal charges unrelated to the termination proceeding were pending against Father.

KJ, Father's alleged participation in KJ's injuries, Father's drug history and unwillingness to participate with the Department. Department caseworkers testified that Mother had previously been ordered to complete court-ordered services in KJ's case and had completed some, but not all, of those services. Eventually, Mother stopped communicating with the Department. The termination petition proceeded to trial before a jury in June 2022. Mother did not appear at trial, but was represented by counsel. Father appeared with counsel and testified.

The jury found by clear and convincing evidence that both Mother and Father (1) knowingly placed or allowed Baby Boy J to remain in conditions or surroundings which endangered his physical or mental well-being; and (2) engaged in conduct or knowingly placed Baby Boy J with persons who engaged in conduct which endangered his physical or emotional well-being. *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E). The jury also found that Mother failed to comply with the provisions of a court order that specifically established the actions necessary for Mother to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department. *See id*. § 161.001(b)(1)(O). The jury also found the termination of Mother and Father's parental rights was in Baby Boy J's best interest and the Department should be named the permanent managing conservator. Neither Mother nor Father moved for an instructed verdict, objected to the submission of the issues to the jury, or filed a motion for a judgment notwithstanding the verdict, motion to disregard any jury findings, or motion for a

new trial as required to preserve error in a parental termination case. Both Mother and Father appealed their respective terminations.

## ANALYSIS

Mother raises five issues regarding legal and factual sufficiency of the evidence to support the jury's findings: under section 161.001(b)(1)(D), (E), (O); the jury's best interest finding; and the appointment of the Department as the managing conservator. Father raises similar issues regarding the legal and factual sufficiency of the evidence to support the jury's findings: under section 161.001(b)(1)(D), (E); the jury's best interest finding; and the appointment of the Department as managing conservator of Baby Boy J. Father also argues the trial court erred by admitting hearsay statements of another child into evidence.

## I.   Sufficiency of the Evidence

Both Mother and Father argue the evidence was legal and factually insufficient (1) to support termination of their parental rights under section 161.001(b)(1)(D) and (E) of the family code; (2) to support the jury's finding the termination was in the child's best interest; and (3) to support the appointment of the Department as the child's managing conservator. Mother further challenges the sufficiency of the evidence to support termination under section 161.001(b)(1)(O) of the family code.

Because an order terminating a parent's rights under subsection (D) or (E) can be used as the basis for future terminations under subsection (M), the Texas Supreme

Court has directed us to review the evidence supporting findings on grounds (D) and (E), even if a termination appeal is being resolved on a different ground, because those findings may affect subsequent proceedings involving the parent. *See In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (citing TEX. FAM. CODE § 161.001(b)(1)(M)). However, we are not required to conduct such a review when the party fails to preserve error on a sufficiency challenge. *In re A.P.*, No. 05-19-01536-CV, 2020 WL 3071708, at *6 ("although Mother challenges the sufficiency of the evidence supporting the jury's predicate statutory findings on grounds (D) and (E), we need not review the evidence supporting those findings because Mother did not preserve error.").

To preserve a legal sufficiency challenge following a jury trial, a party must first raise the issue with the trial court in: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the question to the jury, (4) a motion to disregard the jury's answer to a vital fact question, or (5) a motion for new trial. *In re D.T.*, 625 S.W.3d 62, 75 n.8 (Tex. 2021) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)); *see, e.g., In re E.M.E.*, No. 04-22-00273-CV, 2022 WL 17660991, at *2 (Tex. App.—San Antonio Dec. 14, 2022, no pet.) (mem. op.) (concluding appellant did not preserve legal or factual sufficiency challenges); *In re A.R.S.*, No. 05-21-00655-CV, 2022 WL 224812, at *1 (Tex. App.—Dallas Jan. 26, 2022, no pet.) (mem. op.) (stating appellant did not preserve legal or factual sufficiency challenges); *In re*

–6–

*M.X.R.*, No. 04-20-00042-CV, 2020 WL 2736465, at *2 (Tex. App.—San Antonio May 27, 2020, no pet.) (mem. op.) (concluding appellant did not preserve challenges to legal sufficiency of evidence because she did not make a motion for new trial or any other motion or objection in trial court that would preserve those challenges).

Preservation of a factual sufficiency challenge requires a motion for new trial. *In re D.T.*, 625 S.W.3d at 75 n.8; *In re A.R.S.*, 2022 WL 224812, at *1; *E.N. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-21-00014-CV, 2021 WL 2460625, at *6 (Tex. App.—Austin June 21, 2021, no pet.) (mem. op.) (concluding appellant failed to preserve challenge to factual sufficiency); *In re M.X.R.*, 2020 WL 2736465, at *3 (stating appellant did not preserve her challenges to factual sufficiency because she did not raise a motion for new trial).

Neither Mother nor Father filed or made an oral motion for instructed verdict or a motion for judgment notwithstanding the verdict. Neither parent objected to any issue submitted to the jury, asked the trial court to disregard the jury's answer, or filed a motion for new trial. In the absence of any of these measures, neither Mother nor Father's issues regarding the legal and factual sufficiency of the evidence are preserved for our review. *See In re D.T.*, 625 S.W.3d at 75 (confirming waiver in termination of parental rights cases based on non-compliance with above-listed grounds); *In re A.R.S.*, 2022 WL 224812, at *1. Because neither Mother nor Father properly preserved their sufficiency challenges, those issues are waived. We,

therefore, overrule Mother and Father's sufficiency challenges and affirm the jury's findings.

The result would be the same even if error had been preserved because the evidence was sufficient to support the jury's finding. Mother was under felony indictment for the traumatic injuries KJ suffered and was ordered to stay away from the children. The Department had a legitimate concern for Baby Boy J being in Mother's custody based on his brother's almost fatal injuries and his sister's statements that Mother caused part of those injuries. Regarding Father, T.L. stated that Father participated in "whipping" KJ and was complacent in allowing Mother to hit KJ. Mother also told law enforcement that Father injured KJ, although he was never criminally charged for any abuse. Father did, however, withhold and hide Baby Boy J from the Department knowing it was attempting to locate them. The evidence presented supported the jury's determination of sufficient evidence to terminate both Mother and Father's parental rights. Because Mother and Father waived their sufficiency challenges, we overrule Mother's five appellate issues and Father's first four issues.

## II. Hearsay Statement

In his fifth issue, Father alleges the trial court abused its discretion by allowing a Department caseworker to testify about statements made by a child, T.L., regarding Father.

We review a trial court's decision to admit evidence for an abuse of discretion. *Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620. An appellate court must also uphold the trial court's evidentiary ruling if the record shows any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004).

At trial, the Department caseworker explained she was present and viewed the forensic interview of T.L., who was six years old at the time, and heard T.L. state that Mother hit KJ. When asked if Father ever hit KJ, counsel objected to hearsay. The Department stated there was an exception relating to a child under the age of

twelve under the family code. *See* TEX. FAM. CODE § 104.006. Section 104.006 states:

> In a suit affecting the parent-child relationship, a statement made by a child 12 years of age or younger that describes alleged abuse against the child, without regard to whether the statement is otherwise inadmissible as hearsay, is admissible as evidence if, in a hearing conducted outside the presence of the jury, the court finds that the time, content, and circumstances of the statement provide sufficient indications of the statement's reliability and:
>
> (1) the child testifies or is available to testify at the proceeding in court or in any other manner provided for by law; or
>
> (2) the court determines that the use of the statement in lieu of the child's testimony is necessary to protect the welfare of the child.

*Id*.

The trial court held a hearing outside the presence of the jury. Father's trial counsel argued that section 104.006 required T.L. to be the victim of the offense and not just a witness. The Department argued T.L. was also a victim of child abuse based on what she observed in her home and the fact she had also been removed. The trial court overruled Father's counsel's objections, found that allowing the testimony protected T.L.'s welfare, and allowed the caseworker to testify regarding T.L's statements. The caseworker stated T.L. saw Father "whip KJ with a belt and just that he didn't interfere when [Mother] was whipping KJ either. Neither one of them interfered with the other."

The trial court held the appropriate hearing to determine if the testimony of the caseworker was necessary to protect T.L. By finding the caseworker's testimony

–10–

was needed to protect T.L., the trial court did not abuse its discretion in allowing the testimony. We concluded there was a legitimate basis for the court's ruling and it was not an abuse of discretion. We overrule Father's fifth issue.

## CONCLUSION

Based on the record before us, we affirm the trial court's judgment terminating both Mother and Father's parental rights.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

221136F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF BABY BOY
J., A CHILD


No. 05-22-01136-CV

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-00644-
U.
Opinion delivered by Justice Partida-
Kipness. Justices Molberg and
Carlyle participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of April 2023.