

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-22-00360-CV

IN THE INTEREST OF J.W. AND T.W., CHILDREN

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2021-542,797, Honorable J. Phillip Hays, Presiding

May 25, 2023

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Father, J.D.W., appeals from the trial court's order terminating his parental rights to his children, J.W. and T.W.[1] By issues one and two, he contends the evidence is legally and factually insufficient to support (1) termination under section 161.001(b)(1)(D), (E), and (O) of the Texas Family Code, and (2) the best interest finding. By his third issue, he asserts the trial court abused its discretion in making a conservatorship finding based on insufficient evidence. We affirm.

---

[1] To protect the privacy of the parties involved, we refer to the parents and children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

ANALYSIS

**ISSUES ONE AND TWO**

By issues one and two, father makes a legal and factual sufficiency challenge. After a jury trial, a legal-sufficiency challenge may be preserved in the trial court in one of the following ways: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *See In re D.T.,* 625 S.W.3d 62, 75 (Tex. 2021) (citing *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)). Preservation of a factual-sufficiency challenge requires a motion for new trial. *Id.* (citing TEX. R. CIV. P. 324(b)(2)).

A review of the record reveals father neither filed a motion for new trial nor made any of the above objections or motions. Thus, father has not preserved a legal or factual sufficiency challenge. Accordingly, issues one and two are overruled.

**ISSUE THREE—CONSERVATORSHIP FINDING**

Having found father failed to preserve his legal and factual sufficiency challenges, we need not address the conservatorship issue. Issue three is overruled.

**CONCLUSION**

We affirm the judgment of the trial court.

Alex L. Yarbrough
Justice

2