

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-23-00147-CV

─────────────

## IN THE INTEREST OF L.P., A CHILD

─────────────

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 21-002984-CV-272**

---

## MEMORANDUM  OPINION

---

R.P., the father of L.P., appeals from a judgment that terminated his parental rights to L.P.  R.P. complains that the evidence was legally and factually insufficient for the jury to have found that he committed the predicate acts in Family Code Subsections 161.001(b)(1)(D), (E), and (O) and that termination was in L.P.'s best interest.  Because we find that R.P. did not preserve these complaints for appeal, we affirm the judgment of the trial court.

**PRESERVATION OF LEGAL AND FACTUAL SUFFICIENCY COMPLAINTS IN JURY PROCEEDINGS**

In order to complain of the legal sufficiency of the evidence on appeal in a jury trial, a parent must raise the legal sufficiency challenge with the trial court in one of five

ways: (1) move for an instructed verdict; (2) object to the submission of a jury question; (3) move for a judgment notwithstanding the verdict; (4) move to disregard the jury's answer to a vital fact question; or (5) move for a new trial. *In re D.T.*, 625 S.W.3d 62, 75 n.8 (Tex. 2021) (*citing Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)). Additionally, preservation of a factual-sufficiency challenge requires a motion for new trial. *Id.*; TEX. R. CIV. P. 324(b)(2). In this case, R.P. failed to challenge the legal sufficiency of the evidence in any of the manners specified above and did not file a motion for new trial to challenge the factual sufficiency of the evidence even though he was still represented by his trial counsel who filed the notice of appeal on his behalf.[1] As a result, we find that he has failed to preserve his legal and factual sufficiency challenges for appeal.[2] *See id.* Because R.P. failed to preserve his issues as to the legal and factual sufficiency of the evidence, we overrule issues one, two, three, four, and five.

---

[1] R.P. has not alleged that he received ineffective assistance of counsel in his brief to this Court due to his trial counsel's failure to file a motion for new trial. In any event, when a motion for new trial was not filed "the rebuttable presumption is that it was considered by the appellant and rejected." *In re D.T.*, 625 S.W.3d at 75 n.8 (internal citations omitted). Our review of the record supports this determination.

[2] We note that the Texas Supreme Court has held that due process demands that we review the evidence supporting findings under Grounds D or E when they are challenged on appeal even if we were to find that the evidence to support one of the other statutory grounds for termination was sufficient because termination of parental rights under these grounds "may have implications for . . . parental rights to other children." *In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (per curiam). Nevertheless, this ruling presupposes that R.P. has preserved the legal and factual issues for appeal in the first instance. *See id.* ("When a parent has presented the issue on appeal, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children.") (emphasis added). Thus, the ruling in *N.G.* does not eliminate the long-established requirement of error preservation of legal and factual sufficiency issues in parental-rights termination cases decided by a jury. *In re S.C.*, No. 02-18-00422-CV, 2019 WL 2455612, at *4 n.2 (Tex. App.—Fort Worth June 13, 2019, pet. denied) (mem. op.).

**CONCLUSION**

Having found that R.P.'s issues were not preserved for appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed October 12, 2023
[CV06]

